# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRENT MORRIS,

    Petitioner,

vs.

RENEE BAKER, *et al.*,

    Respondents.

Case No. 3:14-cv-00372-LRH-WGC

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

    Petitioner dispatched his original petition to this Court on July 1, 2014. (ECF No. 2, at p. 1). On October 29, 2014, the Court directed respondents to file a response to the petition. (ECF No. 7). Respondents filed an answer to the petition. (ECF No. 11). By order filed February 4, 2015, the Court directed petitioner to file a reply to the answer within 45 days. (ECF No. 17). The Court granted petitioner two additional extensions of time in which to file a reply to the answer. (ECF Nos. 21 & 23).

    On July 13, 2015, petitioner filed the first amended petition. (ECF No. 25). Respondents have filed a motion to strike the first amended petition. (ECF No. 27). Petitioner has opposed respondents' motion to strike the amended petition. (ECF No. 29). Respondents have replied to the opposition. (ECF No. 30). Although the first amended petition was not accompanied by a motion for leave to amend, in his opposition to the motion to strike, petitioner seeks leave to amend. (ECF No. 29).

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides as follows:

> A party may amend his pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Once a responsive pleading is filed, amendments are permitted only with the opposing party's written consent or with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In considering whether to grant leave to amend, courts may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings" though each factor is not necessarily given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 844-45 (9th Cir. 1995). Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

In this case, the original petition raised the same claim that petitioner presented on direct appeal. (*Compare* ECF No. 2 *with* Exhibit 80). The first amended petition contains claims similar to, the same as, or related to claims made in petitioner's post-conviction habeas proceedings litigated in state court. (*Compare* ECF No. 25 *with* Exhibits 87, 94, 122).

Respondents argue that petitioner has not offered a satisfactory explanation for failing to present all of his claims in the original petition. The Court notes that when petitioner filed his original petition in this Court on July 1, 2014,[1] the Nevada Supreme Court had not yet ruled on petitioner's claims asserted in the post-conviction habeas proceedings. (*See* Exhibit 126, Order of Affirmance filed June 10, 2015). Petitioner argues that he exercised reasonable diligence by

---

[1] The first page of the original petition indicates that the petition was dispatched (given to prison staff for mailing) to this Court on July 1, 2014. (ECF No. 2, at p. 1, item 5). This Court deems petitioner's federal petition to be filed on July 1, 2014. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing).

presenting such claims in this first amended petition, which petitioner filed in this Court on July 13, 2015, approximately one month after the Nevada Supreme Court's ruling on those claims. (ECF No. 29, at 6; ECF No. 25). While the fact that a state court has not yet ruled on a particular claim is not, *per se*, an excuse for failing to include such claim in an original petition, in the instant case, the Court finds that petitioner exercised reasonable diligence in presenting his claims in the first amended petition. Moreover, the Court does not perceive any bad faith on the part of petitioner in filing the first amended petition when he did. There is also no prejudice to respondents because, as set out at the conclusion of this order, respondents are given an opportunity to file a motion to dismiss, in which they may present any and all applicable defenses to the first amended petition.

Respondents also argue that allowing the first amended petition is futile, because the amended claims are unexhausted. (ECF Nos. 27 & 30). However, respondents expressly indicate that they have not yet made specific exhaustion arguments with respect to each of petitioner's new claims. (ECF No. 30, at p. 3). As stated elsewhere in this order, respondents are given an opportunity to file a motion to dismiss the first amended petition, in which they may address exhaustion, procedural bar, and any other applicable defenses. Accordingly, respondents' motion to strike the first amended petition is denied at this juncture.

Petitioner has filed several motions for extensions of time to file a reply to the answer. (ECF Nos. 26, 31, 32, 33, 35). Petitioner contended that he was unable to file a reply because boxes of his legal documents were confiscated by prison staff. (*Id.*). The confiscated materials apparently included the state court record, which respondents had filed in this action as Exhibits 1-125. (ECF Nos. 12-16). On January 20, 2016, respondents filed a response to petitioner's motions for extension in which they indicate that they will mail another copy of the answer and exhibits to petitioner at his current place of incarceration. (ECF No. 34, at p. 4). The proof of service attached to the response indicates that on January 20, 2016, respondents again served petitioner with copies of the exhibits consisting of the state court record. (ECF No. 34, at p. 4). In petitioner's seventh motion for an extension, filed March 18, 2016, he appears to indicate that he is in receipt of said exhibits. (ECF No. 35, at p. 4). While petitioner appears to have had good cause for his seeking

extensions of time, the motions for extensions are now moot, in light of the Court's decision requiring respondents to file a response to the first amended petition.

Petitioner filed a motion for the appointment of counsel on July 13, 2015. (ECF No. 24). Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The Court notes that petitioner previously sought the appointment of counsel in this case. (ECF No. 6). By order filed February 4, 2015, the Court denied petitioner's prior motion for the appointment of counsel. (ECF No. 17). Nothing in petitioner's current motion causes the Court to change its decision that the appointment of counsel is unwarranted in this case. The first amended petition is sufficiently clear in presenting the issues that petitioner wishes to bring. Counsel is not justified in this instance. The motion seeking appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that petitioner's second motion for the appointment of counsel (ECF No. 24) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motions for extensions of time (ECF Nos. 26, 31, 32, 33, 35) in which to file a reply to the answer are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that respondents' motion to strike (ECF No. 27) the first amended petition is **DENIED.**

**IT IS FURTHER ORDERED** that this action **SHALL PROCEED** on the first amended petition (ECF No. 25), filed July 13, 2015.

**IT IS FURTHER ORDERED** that within **forty-five (45)** days from entry of this order, respondents **SHALL FILE** answer, or otherwise respond to, the first amended petition. In their answer or other response, respondents shall address all claims presented in the first amended petition. Respondents shall raise all potential affirmative defenses, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained.

///

1 **IT IS FURTHER ORDERED** that if an answer is filed, petitioner shall have **thirty (30) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that if a motion to dismiss the first amended petition is filed, the parties shall brief the motion in accordance with Local Civil Rule 7-2.

DATED this 31st day of March, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE