UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRENT MORRIS,<br><br>                            Petitioner,<br><br>vs.<br><br>RENEE BAKER, et al.,<br><br>                            Respondents. | Case No. 3:14-cv-00372-LRH-WGC<br><br>ORDER |

This habeas matter comes before the Court on respondents' motion to dismiss petitioner's first amended petition (ECF No. 37). Respondents assert two grounds of the petition are not cognizable and several other grounds are unexhausted.

**I.     PROCEDURAL BACKGROUND**

On September 23, 2010, petitioner was charged by way of a criminal complaint filed in justice court with three felony counts of commission of a fraudulent act in a gaming establishment in violation of Nevada Revised Statutes § 465.070 and § 465.088. (Ex. 2).[1] On November 18, 2010, the complaint was amended to include three counts of commission of a fraudulent act in a gaming establishment and five gross misdemeanor counts of entry of a gaming establishment by an excluded person in violation of Nevada Revised Statutes

---

[1] The exhibits comprising the relevant state court record appear in ECF Nos. 12, 13, 14, 15,16, and 28.

§ 463.155. (Ex. 4). Following a preliminary hearing, petitioner was bound over to district court on two counts of commission of a fraudulent act in a gaming establishment and four counts of entry of a gaming establishment by an excluded person. (Exs. 5 & 6). Petitioner was arraigned in district court on December 9, 2010. (Ex. 11).

On January 14, 2011, petitioner filed a motion to sever the felony counts from the gross misdemeanor counts. (Ex. 16). An information and an amended information charging petitioner with both were filed in the district court on January 19, 2011, and January 20, 2011, respectively. (Exs. 18 & 19). On January 25, 2011, the state court denied petitioner's motion to sever but ordered that trial of the felony counts would be bifurcated from trial of the gross misdemeanor counts. (Ex. 22).

Following a jury trial on the felony counts and a bench trial on the gross misdemeanor counts, petitioner was found guilty of all six counts. (Exs. 45 & 49). On June 6, 2011, the court determined that petitioner qualified as a small habitual criminal pursuant to Nevada Revised Statutes § 207.010 and sentenced petitioner to eight to twenty years on the felony counts and twelve months on each of the gross misdemeanor counts, all concurrent to each other. (Ex. 49). Judgment of conviction was entered on July 6, 2011. (Ex. 60).

Petitioner appealed his convictions, and the Nevada Supreme Court affirmed. (Exs. 52, 80 & 84). Petitioner thereafter filed a petition and supplemental petition seeking post-conviction habeas relief in the state court. (Exs. 87 & 94). The district court conducted an evidentiary hearing at which it denied the petition. (Ex. 99). A written order followed. (Ex. 107).

Petitioner appealed. (Exs. 101 & 112). On appeal, petitioner raised six claims, all alleging ineffective assistance of counsel. (Ex. 122). On July 1, 2014, petitioner submitted for filing his original federal habeas petition in this case. (*See* ECF No. 1). On June 10, 2015, the Nevada Supreme Court affirmed the state trial court's order. (Ex. 126). Remittitur issued on July 6, 2015. (Ex. 127). Following that decision, petitioner filed an amended petition, which is the operative petition in this case. (ECF No. 25).

///

On April 11, 2017, respondents filed the instant motion to dismiss the amended petition. (ECF No. 37). Petitioner has opposed (ECF No. 38), and respondents have replied (ECF No. 39). Respondents argue that Ground 1 of the petition is not cognizable and that Grounds 2, 3, 4, 5, 6, 7, 8, 9, 10(A)(1), 10(B)(2), 10(B)(3), 10(B)(6) (in part) and 10(B)(7) are unexhausted and/or are procedurally defaulted.

## II. COGNIZABLE CLAIMS

### A. Ground 1

Respondents argue that Ground 1 of the amended petition is not cognizable in this habeas action. In Ground 1, petitioner challenges his convictions of entry of a gaming establishment by an excluded person in violation of Nevada Revised Statutes § 463.155. (ECF No. 25 at 3-11).[2] Section 463.155 provides:

> Any person who has been placed on the list of persons to be excluded or ejected from any licensed gaming establishment pursuant to NRS 463.151 is guilty of a gross misdemeanor if the person thereafter enters the premises of a licensed gaming establishment which conducts pari-mutuel wagering or operates any race book, sports pool or games, other than slot machines only, without first having obtained a determination by the Commission that the person should not have been placed on the list of persons to be excluded or ejected.

Under § 463.151, the Nevada Gaming Commission may create a list of persons "to be excluded or ejected from any licensed gaming establishment which conducts parimutuel wagering or operates any race book, sports pool or games, other than slot machines only" ("the Black List"). Pursuant to § 463.152, whenever a person is placed on the Black List, the Nevada Gaming Control Board

> shall serve notice of such fact to such person: 1. By personal service; 2. By certified mail to the last known address of such person; or 3. By publication daily for 1 week in one of the principal newspapers published in the City of Reno and in one of the principal newspapers published in the City of Las Vegas, Nevada.

The Nevada Supreme Court concluded that petitioner was placed on the Black List effective February 24, 1994. (Ex. 84; *see also* Ex. 49 (Tr. 14) (concluding the evidence showed petitioner had been given the statutorily required notice to be placed on the Black List)).

---

[2] Page numbers in the petition are referenced by the ECF-generated numbers at the top of the page.

-3-

In Ground 1, petitioner asserts that he was never given the notice required by § 463.152 and therefore his federal due process rights were violated. Petitioner further asserts that because he never received the statutory notice, the order placing him on the Black List never took effect and therefore his convictions under § 463.155 for violating the Black List should be vacated. (ECF No. 25 at 9-10).

Ground 1 is not cognizable in this action to the extent it asserts that petitioner's due process rights were violated when he was placed on the Black List. This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As such, the only matter before the Court is whether petitioner is in custody in violation of the Constitution, laws or treaties of the United States, not whether petitioner's constitutional rights were violated in a separate – albeit related – proceeding.

Petitioner disagrees, arguing the claim was considered on its merits by the Nevada Supreme Court and thus is properly before the Court. What the Nevada Supreme Court considered, however, was petitioner's contention that his § 463.155 convictions were infirm because petitioner was not properly on the Black List. The Nevada Supreme Court explicitly declined to consider any procedural due process claim in connection with petitioner's original placement on the Black List. (Ex. 84) (noting that "[t]o the extent that [petitioner] challenges the Gaming Commission's notice provisions and his placement on the 'Black List' for procedural due process, this claim is not appropriately raised on direct appeal from his criminal conviction").

Petitioner's reliance on *Thomas v. Bible*, 694 F. Supp. 750 (D. Nev. 1988) is also unavailing. While *Thomas* involved claims that the plaintiff's due process rights were violated when he was placed on the Black List, *Thomas* was an action brought pursuant to 42 U.S.C. § 1983 and § 1985. *Thomas* thus does not support a conclusion that petitioner can challenge his placement on the Black List in this habeas proceeding.

Accordingly, to the extent Ground 1 asserts a due process claim related to petitioner's placement on the Black List, including a challenge to the constitutionality of § 463.151 or § 463.152, Ground 1 is not cognizable in this action and must be dismissed.

However, Ground 1 also asserts a claim that petitioner's convictions must be vacated because petitioner was not properly on the Black List. Respondents do not argue that this claim is not cognizable. Accordingly, insofar as Ground 1 of the petition asserts that petitioner's 2011 convictions are infirm because he was not properly on the Black List, the motion to dismiss will be denied without prejudice. Respondents may address whether this part of Ground 1 is cognizable in their answer, along with their response on the merits.

**B. Ineffective Assistance of Post-Conviction Appellate Counsel**

In Ground 10, petitioner asserts an unnumbered claim of ineffective assistance of post-conviction appellate counsel. (ECF No. 25 at 80). Respondents assert that this claim is not cognizable.[3]

"[T]here is no federal constitutional right to the assistance of counsel in connection with state collateral relief proceedings, even where those proceedings constitute the first tier of review for an ineffective assistance of counsel claim." *Martinez v. Schriro*, 623 F.3d 731, 739-40 (9th Cir. 2010), *rev'd on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Accordingly, petitioner's unnumbered claim of ineffective assistance of his post-conviction appellate counsel (ECF No. 25 at 80-81) included in Ground 10 will therefore be dismissed.

**III. EXHAUSTION**

Respondents next argue that Grounds 2, 3, 4, 5, 6, 7, 8, 9, 10(A)(1), 10(B)(2), 10(B)(3), 10(B)(6) (in part) and 10(B)(7) are unexhausted.

**A. Standard**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this

---

[3] The Court recognizes that this argument was raised for the first time in the reply, and thus petitioner did not have an opportunity to respond. However, because the claim of ineffective assistance of post-conviction counsel is clearly not cognizable, the Court will dismiss the claim.

exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

**B. Grounds 2 and 3**

In Grounds 2 and 3, petitioner alleges that there was insufficient evidence to support his convictions for fraudulent acts in violation of Nevada Revised Statutes § 465.070 and § 465.088. (ECF No. 25 at 12-23). Petitioner did not present these claims to the Nevada Supreme Court in either his direct appeal or his appeal of the denial of his state post-conviction habeas petition. (*See* Exs. 80 & 122). While petitioner argues that these claims were raised in his post-conviction appeal, the appeal asserted only that counsel was ineffective for failing to argue insufficient evidence. It did not assert a substantive claim of sufficiency of the evidence. (*See* Ex. 122). Exhaustion of an ineffective assistance of counsel claim does not exhaust the underlying substantive claim. *See Rose v. Palmateer*, 395 F.3d 1108, 1111-12 (9th Cir. 2005). Thus, while petitioner's ineffective assistance of counsel claim related to the sufficiency of the evidence is exhausted, his substantive sufficiency of the evidence claims are not. Grounds 2 and 3 are therefore unexhausted.

**C. Ground 4**

In Ground 4, petitioner asserts that the trial court abused its discretion by admitting evidence of his prior bad acts. (ECF No. 25 at 24-33). Petitioner did not present this claim

-6-

1 to the Nevada Supreme Court in either his direct appeal or his appeal of the denial of his state
2 post-conviction habeas petition. (*See* Exs. 80 & 122). Ground 4 is therefore unexhausted.

### D. Ground 5

In Ground 5, petitioner asserts that the trial court erred in admitting videotapes that had been altered before trial and that the State committed a Brady violation by failing to timely disclose the tapes. (ECF No. 25 at 34-38). Petitioner did not present these claims to the Nevada Supreme Court in either his direct appeal or his appeal of the denial of his state post-conviction habeas petition. (*See* Exs. 80 & 122). Ground 5 is therefore unexhausted.

### E. Ground 6

In Ground 6, petitioner asserts that the trial court and trial counsel deprived him of his right to testify at trial. (ECF No. 25 at 39-52). Petitioner did not argue that the trial court interfered with his right to testify in either his direct appeal or his appeal of the denial of his state post-conviction habeas petition. (*See* Exs. 80 & 122). That part of Ground 6 is therefore unexhausted. However, Ground 6 also asserts that trial counsel interfered with petitioner's right to testify and was ineffective for failing to compel the trial court to record its bench conferences. While duplicative of Ground 10(A)(2), this part of Ground 6 was exhausted. (Ex. 122 at 8-9). Accordingly, Ground 6 is exhausted insofar as it asserts trial counsel interfered with petitioner's right to testify and failed to compel recording of the bench conferences. However, because that part of Ground 6 is identical to Ground 10(A)(2), it will be dismissed as duplicative. Ground 6 is unexhausted insofar as it asserts that the trial court deprived petitioner of his right to testify.

### F. Ground 7

In Ground 7, petitioner asserts that the trial court erroneously gave a flight instruction. (ECF No. 25 at 53-57). Petitioner did not present this claim to the Nevada Supreme Court in either his direct appeal or his appeal of the denial of his state post-conviction habeas petition. (*See* Exs. 80 & 122). Although petitioner argued in his post-conviction appeal that appellate counsel was ineffective for failing to challenge the flight instruction, he did not argue the substantive claim asserted in Ground 7. This did not serve to exhaust the substantive

claim that the trial court erred in giving the flight instruction. *See Rose*, 395 F.3d at 1111-12. Ground 7 is therefore unexhausted.

### G. Ground 8

In Ground 8, petitioner asserts that the trial court erred in adjudicating petitioner a habitual criminal. (ECF No. 25 at 58-68). Petitioner did not present this claim to the Nevada Supreme Court in either his direct appeal or his appeal of the denial of his state post-conviction habeas petition. (*See* Exs. 80 & 122). Although petitioner argued in his post-conviction appeal that appellate counsel was ineffective because he failed to challenge the habitual criminal adjudication, petitioner did not argue the substantive claim in Ground 8. This did not serve to exhaust the claim that the habitual criminal adjudication itself was in error. *See Rose*, 395 F.3d at 1111-12. Ground 8 is therefore unexhausted.

### H. Ground 9

In Ground 9, petitioner asserts that the jury instruction on cheating was inaccurate and thus unconstitutional. (ECF No. 25 at 69-72). Petitioner did not present this claim to the Nevada Supreme Court in either his direct appeal or his appeal of the denial of his state post-conviction habeas petition. (*See* Exs. 80 & 122). Ground 9 is therefore unexhausted.

### I. Ground 10(A)(1)

In Ground 10(A)(1), petitioner asserts that trial counsel was ineffective for failing to object to the defective jury instruction on cheating. (ECF No. 25 at 73-74). Petitioner did not present this claim to the Nevada Supreme Court in either his direct appeal or his appeal of the denial of his state post-conviction habeas petition. (*See* Exs. 80 & 122). Although petitioner argues that this ground is exhausted because it was discussed at the trial court evidentiary hearing on his post-conviction petition, a claim is exhausted only by presenting it through to the highest state court level of review available. Petitioner did not present this claim to the Nevada Supreme Court, and accordingly, Ground 10(A)(1) is unexhausted.

### J. Ground 10(B)(2)

In Ground 10(B)(2), petitioner asserts that appellate counsel was ineffective for failing to challenge on appeal the evidence of prior bad acts of alleged past-posting bets at the

Orleans Casino and Caesar's Palace. (ECF No. 25 at 79). Petitioner did not present this claim to the Nevada Supreme Court in either his direct appeal or his appeal of the denial of his state post-conviction habeas petition. (*See* Exs. 80 & 122). While the state trial court considered this claim, petitioner never presented it to the Nevada Supreme Court. Ground 10(B)(2) is therefore unexhausted.

### K. Ground 10(B)(3)

In Ground 10(B)(3), petitioner asserts that appellate counsel was ineffective for failing to challenge the admission of the slowed down videotapes on appeal. (ECF No. 25 at 79). Petitioner did not present this claim to the Nevada Supreme Court in either his direct appeal or his appeal of the denial of his state post-conviction habeas petition. (*See* Exs. 80 & 122). Ground 10(B)(3) is therefore unexhausted.

### L. Ground 10(B)(6)

In Ground 10(B)(6), petitioner asserts that appellate counsel was ineffective for failing to challenge petitioner's habitual criminal adjudication. (ECF No. 25 at 80). Ground 10(B)(6) incorporates by reference Ground 8, which asserts that the adjudication was in error because (1) the prior convictions were stale, trivial, and remote; (2) the trial court failed to state the habitual criminal adjudication was "just and proper"; and (3) one of the prior convictions was vacated after sentencing. (*Id.* at 58-68). Petitioner presented the Nevada Supreme Court with only the third argument: that appellate counsel was ineffective for failing to argue on appeal that the habitual criminal adjudication was improper because one of the prior convictions was vacated after sentencing. (*See* Exs. 80 & 122). Contrary to petitioner's assertion otherwise, petitioner did not present the Nevada Supreme Court with his claim that appellate counsel was ineffective for failing to argue (1) the prior convictions used to adjudged petitioner a habitual criminal were stale, trivial, and remote and (2) the trial court failed to state the habitual criminal adjudication was "just and proper." (*See* Exs. 80 & 122). To the extent petitioner argues that these parts of Ground 10(B)(6) are exhausted because they were discussed at the trial court evidentiary hearing on his post-conviction petition, this argument is without merit. As previously noted, exhaustion requires presentation of the claim through

1 to the highest state court level of review available and is not exhausted by only presenting the
2 claim to the trial court. Accordingly, Ground 10(B)(6) is unexhausted, in part, to the extent it
3 asserts appellate counsel was ineffective for failing to argue the habitual criminal adjudication
4 was improper because (1) the prior convictions were stale, trivial, and remote, and (2) the trial
5 court did not find the adjudication was "just and proper."

### M. Ground 10(B)(7)

In Ground 10(B)(7), petitioner asserts that appellate counsel was ineffective for failing to challenge the cheating instruction on appeal. (ECF No. 25 at 80). Petitioner did not present this claim to the Nevada Supreme Court in either his direct appeal or his appeal of the denial of his state post-conviction habeas petition. (*See* Exs. 80 & 122). Ground 10(B)(7) is therefore unexhausted.

### N. Ground 11

In Ground 11, petitioner asserts that his constitutional rights were violated by the cumulative errors asserted in his other grounds for relief. Respondents argue that because many of the grounds are unexhausted, they may not be considered as part of the cumulative error analysis. "Cumulative error must distinctly be raised as an issue at the state level for purposes of exhaustion before seeking federal habeas review." *Pinnell v. Belleque*, 638 F. Supp. 2d 1231, 1244 (D. Or. 2009) (citing *Solis v. Garcia*, 219 F.3d 922, 930 (9th Cir. 2000)). Respondents are correct that review of the cumulative error claim will thus be limited to the claims petitioner presented to, and therefore exhausted before, the Nevada Supreme Court.

## IV. PROCEDURAL DEFAULT

Respondents argue that Grounds 2, 3, 4, 5, 6, 7, 8, 9, 10(A)(1), 10(B)(2), 10(B)(3), 10(B)(6) (in part) and 10(B)(7) are procedurally defaulted or can be subject to anticipatory procedural default. In his opposition, petitioner argues that Ground 9 is "technically exhausted," and appears to argue the same about Grounds 4, 5, and 10(B)(7). (*See* ECF No. 38 at 2 & 22).

A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. *Castille v. Peoples*, 489 U.S. 346, 351

1  (1989); *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989); *see also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court.").

It is clear that petitioner would face several procedural bars if he were to return to state court with his unexhausted claims. *See, e.g.*, Nev. Rev. Stat. §§ 34.726, 34.810. However, Nevada's procedural bars can be excused for cause and prejudice shown. Nev. Rev. Stat. §§ 34.726, 34.810. With one exception,[4] Nevada's cause and prejudice standards are substantially similar to the federal standards. Given the similarity of the standards, virtually any argument that a petitioner might present in federal court to overcome a procedural default can be presented to the state courts in the first instance. It generally is more appropriate for the state courts to have the opportunity in the first instance to consider the application of conclusive procedural bars. *Cf. Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir.2011), *cert. denied*, 133 S. Ct. 155 (2012) (noting that, in the circumstances presented, a stay was appropriate because it provided the state courts with the first opportunity to resolve the claim). Thus, the Court will not hold claims to be exhausted on the premise that the petitioner's claims would be procedurally defaulted in state court absent an unequivocal stipulation by the petitioner that the unexhausted claims in fact would be denied on state procedural grounds if he returned to state court to present the claims. No such stipulation has been made here. Accordingly, the request to find petitioner's claims technically exhausted will be denied.

---

[4] The sole exception is a claim that a procedural default may be excused pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), which the Nevada Supreme Court has expressly declined to follow. *Brown v. McDaniel*, 331 P.3d 867, 872 (Nev. 2014) (en banc). In *Martinez*, the United States Supreme Court created a narrow, equitable rule that allows petitioners to, in some cases, establish cause for a procedural default where their post-conviction counsel failed to raise in initial-review collateral proceedings a substantial claim of ineffective assistance of trial counsel. *Id.* at 16-17. *Martinez* does not supply cause to excuse the procedural default of a substantive claim of trial court error. *See id. Martinez* also does not supply cause to excuse the procedural default of an ineffective assistance of appellate counsel claim. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). Petitioner invokes *Martinez* as cause for Grounds 4, 5, and 10(B)(7). However, Grounds 4 and 5 are claims of substantive error and Ground 10(B)(7) is a claim of ineffective assistance of appellate counsel. *Martinez* does not apply to either type of claim.

-11-

## V. OPTIONS ON A MIXED PETITION

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because petitioner's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;
2. File a motion to dismiss the entire petition without prejudice in order to return to state court to dismiss the unexhausted claims; and/or
3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

Petitioner is cautioned that stays are available only in limited circumstances and that if he files a motion to stay and abey, he must show good cause for the failure to exhaust and that his claims are not plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). If petitioner fails to file a motion as set forth above, his petition will be dismissed without prejudice as a mixed petition.

## VI. CONCLUSION

In accordance with the foregoing, **IT IS ORDERED** that respondents' motion (ECF No. 37) to dismiss is **GRANTED IN PART** and **DENIED IN PART**, as further specified herein in the remaining provisions below in this order.

**IT IS ORDERED** that Ground 1 is **DISMISSED IN PART** to the extent it asserts that petitioner's due process rights were violated when he was placed on the Black List in 1994.

**IT IS FURTHER ORDERED** that Ground 6 is **DISMISSED IN PART** as duplicative of Ground 10(A)(2), to the extent that it asserts trial counsel interfered with petitioner's right to testify.

///

**IT IS FURTHER ORDERED** that petitioner's unnumbered claim of ineffective assistance of his post-conviction appellate counsel included in Ground 10 (ECF No. 25 at 80-81) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court holds that the following claims in the first amended petition are not exhausted:

(a) Grounds 2, 3, 4, 5, 7, 8, 9, 10(A)(1), 10(B)(2), 10(B)(3) and 10(B)(7) in their entirety;

(b) Ground 6 to the extent it asserts that the trial court interfered with petitioner's right to testify; and

(c) Ground 10(B)(6) to the extent it asserts appellate counsel was ineffective for failing to challenge the habitual criminal adjudication on the grounds that the prior convictions were stale, remote and trivial and that the trial court did not find such adjudication was "just and proper."

It further is ordered that petitioner shall have thirty (30) days from entry of this order within which to mail to the Clerk for filing either: (1) a motion to dismiss seeking partial dismissal only of the unexhausted claims; (2) a motion to dismiss the entire petition without prejudice in order to return to state court to dismiss the unexhausted claims; and/or (3) other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion as provided for herein is not timely mailed for filing.

DATED this 8th day of December, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE