UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRENT MORRIS,<br><br>                        Petitioner,<br>    v.<br>RENEE BAKER, et al.,<br><br>                        Respondents. | Case No. 3:14-cv-00372-LRH-WGC<br><br>ORDER |

This *pro se* habeas matter comes before the Court on petitioner's motion for appointment of counsel (ECF No. 43) and "Stipulation to Have This Court Rule on His Unexhausted Claims" (ECF No. 44). Respondents have responded to the stipulation (ECF No. 47). Petitioner has not replied, and the time for doing so has expired.

In his "stipulation," petitioner asserts that two of the grounds previously found unexhausted by the Court are in fact exhausted. The Court therefore construes the stipulation, in part, as a motion for reconsideration.

**I. Appointment of Counsel**

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial

of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition in this case and all of petitioner's filings are sufficiently clear in presenting the issues that petitioner wishes to raise, and the legal issues are not particularly complex. Therefore, counsel is not justified, and the motion for appointment of counsel will be denied.

**II. Partial Reconsideration**

On December 8, 2017, the Court issued an order finding several of petitioner's claims to be unexhausted, including Ground 8 and Ground 10(B)(6) in part. In his stipulation, petitioner asserts that Grounds 8 and 10(B)(6) are exhausted as they have been addressed on their merits by the Nevada Supreme Court.

Petitioner's argument relies on record documents that were not before the Court at the time it rendered its decision. Specifically, petitioner asserts that on August 4, 2015, he filed a motion to modify his sentence in the trial court, and that the Nevada Supreme Court affirmed the denial of the motion on September 19, 2016.[1] (ECF No. 44 at 13-14). Petitioner has provided the Court with a copy of the Nevada Supreme Court's decision. (ECF No. 44 at 32-34). Because petitioner has presented additional state court record documents that were not before the Court at the time of its decision, the Court will construe petitioner's statements in his stipulation as a motion for reconsideration of the Court's ruling on Grounds 8 and 10(B)(6). The Court has inherent authority to reconsider any of its rulings before they become final, absent some applicable rule or statute to the contrary. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

In Ground 8, petitioner asserts that the trial court erred in adjudicating petitioner a habitual criminal when it used prior convictions that were stale, trivial, and remote and failed to make a finding that habitual criminal status was fair and just. He further asserts

---

[1] The Court notes that while petitioner's motion was apparently filed in the state trial court before respondents filed their motion to dismiss, the Nevada Supreme Court did not rule on it until after the motion to dismiss was fully briefed.

that the adjudication was improper because a Michigan conviction on which it was partially based was vacated a few months after sentencing. (*See* ECF No. 25 at 58). Petitioner did not present Ground 8 to the Nevada Supreme Court in either his direct appeal or his appeal of the denial of his state post-conviction habeas petition, and thus the Court previously concluded the claim was unexhausted.

It appears that petitioner's motion to correct illegal sentence, which the Nevada Supreme Court addressed in its order of September 19, 2016, exhausted petitioner's claim that his habitual criminal adjudication was improper insofar as it was based on an allegedly overturned conviction out of Michigan. (*See* ECF No. 44 at 32-34). The Court therefore reconsiders its prior order and concludes that Ground 8 is exhausted to that extent – but only to that extent. While petitioner's appeal of his motion also included the remaining assertions of Ground 8, the Nevada Supreme Court summarily rejected these arguments because they were outside the narrow scope of claims permissibly raised in a motion to correct illegal sentence.[2] (*Id.* at 34). Petitioner therefore presented these claims for "the first and only time in a procedural context in which [their] merits [would] not be considered," and as such, he did not fairly present the claims to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Ground 8 therefore remains unexhausted to the extent it asserts the habitual criminal adjudication was improper because the trial court failed to make the necessary findings and relied on convictions that were stale, trivial, and remote.

Although petitioner argues that Ground 10(b)6 is also exhausted by virtue of the motion to correct sentence, his argument fails. Ground 10(B)(6) asserts an ineffective assistance of appellate counsel claim based on the failure to raise the above substantive claims on direct appeal. The motion to correct illegal sentence did not raise any such claim, nor could it have done so. *See Edwards v. State*, 918 P.2d 321, 324 (Nev. 1996).

---

[2] *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=37172 (last visited April 6, 2018) (the docket of petitioner's appeal in Case No. 68962). Presumably, petitioner made the same arguments in his trial court motion, but the Court does not have that motion before it at this time.

1 Accordingly, the motion to reconsider is denied as to Ground 10(B)(6). The Court's
2 previous finding that Ground 10(B)(6) is unexhausted in part therefore stands.

**III. Stipulation Regarding Unexhausted Claims**

In its December 8, 2017, order, the Court rejected the request of both parties to find petitioner's unexhausted claims subject to anticipatory default because it would not do so "absent an unequivocal stipulation by the petitioner that the unexhausted claims in fact would be denied on state procedural grounds if he returned to state court to present the claims." (ECF No. 42 at 10). The Court directed petitioner to make one of three choices: (1) move for partial dismissal of only the unexhausted claims; (2) move to dismiss the entire petition without prejudice so he could return to state court to exhaust his unexhausted claims; or (3) file a motion for other appropriate relief, including a motion for a stay and abeyance so he could exhaust his claims in state court.

Instead of filing one of the advised motions, petitioner filed a "Stipulation to Have the Court Rule on his Unexhausted Claims." (ECF No. 44). In the stipulation, petitioner does not unequivocally stipulate that his claims would be procedurally barred if he returned to state court. Rather, he simply "stipulate[s] to having the Court reach the merits of [his] unexhausted" claims, (*see, e.g.*, *id.* at 8), and makes conclusory assertions that the state courts would deny his claims on state procedural grounds without conceding specifically that any ground he could raise to establish cause in the state courts would be rejected by the state courts. While some of petitioner's possible cause arguments, such as ineffective assistance of counsel as to Grounds 2, 3, 6, and 7, have already been rejected on their merits by the state courts, petitioner does not stipulate that these are the *only* grounds he has available to establish cause as to those claims, nor has he unequivocally stipulated that he cannot meet the fundamental miscarriage of justice exception to procedural default. The Court therefore finds that petitioner's "stipulation" is insufficient to apply the doctrine of anticipatory default to his unexhausted claims, and his

4

request that the Court proceed to the "merits" of his unexhausted claims will therefore be denied.

Accordingly, as the petition remains mixed, it will be dismissed without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509, 510 (1982), unless the petitioner either: (1) moves for partial dismissal of only the unexhausted claims; (2) moves to dismiss the entire petition without prejudice so petitioner can return to state court to exhaust his claims; or (3) moves for stay and abeyance while petitioner exhausts his claims in state court.[3]

**Conclusion**

In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel (ECF No. 43) is DENIED.

IT IS FURTHER ORDERED that petitioner's motion for reconsideration is GRANTED IN PART, as set forth above. Ground 8 is exhausted to the extent it asserts the habitual criminal adjudication was improper because it was based on a Michigan conviction that was later overturned, and that part of the Court's December 8, 2017, order (ECF No. 42) finding otherwise is therefore VACATED. The motion to reconsider is DENIED in all other respects, and the Court's December 8, 2017, order is in all other respects reaffirmed.

IT IS FURTHER ORDERED that the respondents shall, within thirty days of the date of this order, supplement the record to include all documents relevant and related to petitioner's state court motion to correct illegal sentence, filed on or about August 4, 2015.

IT IS FURTHER ORDERED that petitioner's stipulation to have the court rule on his unexhausted claims (ECF No. 44) is DENIED.

IT IS FURTHER ORDERED that petitioner shall, within thirty days of the date of this order, mail to the Clerk for filing either: (1) a motion to dismiss seeking partial dismissal of only the unexhausted claims; (2) a motion to dismiss the entire petition

---

[3] Petitioner is advised that the Court can grant a stay and abeyance only in limited circumstances, and that in order for petitioner to obtain a stay he must show good cause for the failure to first exhaust his claims in state court and that his claims are not plainly meritless. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

without prejudice in order to return to state court to exhaust the unexhausted claims; or (3) a motion for a stay and abeyance asking this Court to hold the exhausted claims in abeyance while petitioner returns to state court to exhaust the unexhausted claims. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion as provided for herein is not timely mailed for filing.

DATED this 10th day of April, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE