UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRENT MORRIS,<br><br>　　　　Petitioner,<br>　v.<br>RENEE BAKER, et al.,<br><br>　　　　Respondents. | Case No. 3:14-cv-00372-LRH-WGC<br><br>ORDER |

This *pro se* habeas petition comes before the Court on petitioner's motion for a stay and abeyance (ECF No. 51) and motion for default judgment (ECF No. 49).

Petitioner in this action challenges his conviction for two counts of commission of a fraudulent act in a gaming establishment and four counts of entry of a gaming establishment by an excluded person. He asserts several substantive and ineffective assistance of counsel claims in his petition, including a challenge to the sufficiency of the evidence on the cheating convictions (Grounds 2 and 3). On December 8, 2017, the Court found that several of petitioner's claims were unexhausted -- Grounds 2 and 3 among them. (ECF No. 42). In view of the mixed petition, the Court directed petitioner to file either a motion to dismiss the unexhausted claims, a motion to dismiss the entire petition, or a motion for other appropriate relief, including a motion to stay and abey. (*Id.*)

In response, petitioner filed a motion asking the Court to rule on his unexhausted claims. (ECF No. 44). The Court denied the motion but reconsidered its exhaustion finding

///

1

with respect to one of the petitioner's claims.[1] (ECF No. 48). The Court again directed petitioner to decide how he would like to proceed with respect to his mixed petition. (*Id.*) In response, petitioner has filed a motion to stay and abey. (ECF No. 51).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the] failure" to exhaust his claims in state court. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir.

---

[1] Reconsideration came after petitioner advised the Court that he had litigated through to the Nevada Supreme Court a motion to correct illegal sentence containing one claim previously deemed unexhausted. Because neither the motion to correct illegal sentence nor any of its associated filings were part of the record, the Court ordered respondents to supplement the record. Respondents did so. (ECF No. 60). However, the exhibits in the supplement must be renumbered as the supplemental exhibits begin at Exhibit 126 but respondents have already designated an Exhibit 126 and an Exhibit 127 in this record. (ECF No. 28).

2005). Thus, a petitioner's confusion over whether or not his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). Ineffective assistance of post-conviction counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014).

Petitioner argues that his appellate counsel's failure to raise some of his claims on direct appeal – namely Grounds 2 and 3 -- constitutes good cause. Petitioner argues that counsel was ineffective in such failure and admitted to being so. Respondents argue that while this might explain why the claims were not raised on direct appeal, it does not explain why petitioner failed to raise them in his first *pro se* post-conviction habeas petition. Respondents also challenge any conclusion that appellate counsel was ineffective for failing to raise the claims.

The Court finds petitioner has demonstrated good cause. First, appellate counsel himself believed his failure to challenge the sufficiency of the evidence on the cheating convictions was ineffective. (Ex. 99 (Tr. 28-29)). Second, although petitioner did not exhaust these claims in his first post-conviction proceedings, it was only because they were not raised on appeal – not because they were not raised at all. Petitioner asserted his sufficiency of the evidence claims in his original *pro se* petition. (*See* Ex. 84 at 8). It is probable that post-conviction counsel elected not to raise the claims on appeal because the district court found them non-cognizable and waived. (Ex. 122). While neither factor, standing alone, would likely be sufficient to support a finding of good cause, the Court finds that in combination and under the specific circumstances of this case, they satisfy the *Rhines* good cause standard.

The Court further finds that Grounds 2 and 3, at least, are not plainly meritless and that petitioner has not engaged in intentionally dilatory litigation tactics. Accordingly, the Court will grant the petitioner's motion for a stay and abeyance.

///

As to petitioner's motion for default judgment, that motion will be denied. The Court has not yet ordered respondents to answer the petition, and thus their failure to answer Ground 1 is not in default. Nor, as respondents point out, is default judgment an available remedy in habeas. *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990).

In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's motion for default judgment (ECF No. 49) is DENIED.

IT IS FURTHER ORDERED that respondents shall file a notice of corrected image of the exhibits contained in ECF No. 60 to begin those exhibits at number 128 instead of number 126.

IT IS FURTHER ORDERED that petitioner's motion for a *Rhines* stay and abeyance (ECF No. 51) is GRANTED.

IT IS FURTHER ORDERED that this action is stayed pending exhaustion of the unexhausted claims in petitioner's petition.

IT IS FURTHER ORDERED that the grant of a stay is conditioned upon petitioner further litigating his state post-conviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

IT IS FURTHER ORDERED that the Clerk shall administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED this 25th day of July, 2018.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4