# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRENT MORRIS,<br><br>                    Petitioner,<br>     v.<br><br>RENEE BAKER, et al.,<br><br>                    Respondents. | Case No. 3:14-cv-00372-LRH-WGC<br><br>**ORDER** |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by *pro se* Petitioner Brent Morris. Currently before the Court is Respondents' Amended Motion to Dismiss (ECF No. 73) ("Motion") Morris's First Amended Petition for Writ of Habeas Corpus (ECF No. 25) ("Amended Petition"). Morris has opposed (ECF No. 75) the Motion, and Respondents have replied (ECF No. 76). For the reasons discussed below, the Motion is granted in part and denied in part.

**I.   BACKGROUND**

   **A.   State Criminal Proceeding**

Morris's Amended Petition challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court") in *State v. Morris*, Case No. C269265-1. Following trial, Morris was found guilty of two felony counts of commission of a fraudulent act in a gaming establishment and four gross misdemeanor counts of entry into a gaming establishment by an excluded person. (Ex. 60, ECF No. 14-10.) On July 7, 2011, the state court entered a judgment of conviction sentencing Morris for the gross misdemeanor counts to four concurrent terms of 12 months in the Clark County Detention Center. (*Id.*) For the felony counts, Morris was adjudicated as a habitual criminal and sentenced to two concurrent terms of 8–20 years' incarceration to run concurrent with his gross misdemeanor sentences. (*Id.*)

   **B.   Direct Appeal**

Morris appealed, arguing that he was not provided the required notice for placement on the

Nevada Gaming Commission's so-called "Black List" and there was insufficient evidence to support his convictions for the misdemeanor counts because the State did not prove he had actual knowledge that his name was placed on the list. (Ex. 80, ECF No. 15-5.) The Nevada Supreme Court affirmed his conviction. (Ex. 84, ECF No. 15-9.)

### C. State Post-Conviction Proceedings

Morris filed his first state petition for writ of habeas corpus ("first state petition") on September 13, 2012, seeking post-conviction relief. (Ex. 87, ECF No. 15-2.) Following a counseled supplement and an evidentiary hearing, the state petition was denied. (Exs. 94, 99, 107, ECF Nos. 15-24, 16-7.) Morris filed a post-conviction appeal raising six claims of ineffective assistance of counsel ("IAC"). The Nevada Supreme Court affirmed the denial of relief, and a remittitur issued on July 6, 2015. (Exs. 126–127, ECF Nos. 28-1, 28-2.)

On August 4, 2015, Morris moved to modify his sentence. He argued that his sentence was illegal because (1) the state court improperly considered a 2001 Michigan conviction that was later vacated when it adjudicated him as a habitual criminal; (2) his convictions were too remote, stale, and trivial to support habitualization; and (3) the state court improperly failed to determine that habitualization was "just and proper." (Ex. 128, ECF No. 62-1.) The motion was denied, and Morris appealed. The Nevada Supreme Court affirmed. (Ex. 143, ECF No. 62-16.) The record showed that Morris had over three felony convictions when he was sentenced as a habitual criminal; thus, the Nevada Supreme Court concluded:

> the sentence was not facially illegal, as Morris's criminal record met the statutory guidelines for habitual criminal adjudication. *See* NRS 207.010(1)(a). Even if the Michigan conviction had been invalid when the sentence was imposed, Morris's other convictions would suffice for habitual criminal adjudication. *See id.*

(*Id.*) The Nevada Supreme Court summarily denied the two remaining contentions as they exceeded the narrow scope of correcting an illegal sentence or modifying a sentence. (*Id.*)

### D. Federal Habeas Action

Morris initiated this federal habeas corpus action in July 2014. His original petition raised one claim regarding the sufficiency of the evidence. (ECF No. 2.) Respondents answered his claim. (ECF No. 11.) Instead of a reply, Morris filed the 86-page Amended Petition raising 11

total grounds for relief: 10 substantive claims of trial and sentencing error and one IAC claim with two subclaims against trial counsel and eight subclaims against appellate counsel. (ECF No. 25.)

Respondents moved to dismiss the Amended Petition in part based on Morris's failure to exhaust certain new claims. (ECF No. 37.) The Court granted in part and denied in part their motion (ECF No. 42), finding that the following claims were unexhausted:

- Grounds 2 and 3: There was insufficient evidence to support his two convictions for commission of fraudulent acts at the Gold Coast Casino and the Excalibur Casino. (ECF No. 25 at 12–23.)

- Ground 4: The state court abused its discretion by admitting evidence of uncharged bad acts involving past posting bets at the Orleans Casino and Caesar's Palace. (*Id.* at 24–33.)

- Ground 5: The state court erred by admitting slowed-down composite videotapes of the past posting incidents at the Orleans Casino and Gold Coast Casino, and the State committed a *Brady* violation by failing to timely disclose the videotapes. (*Id.* at 34–38.)

- Ground 6: The state court interfered with Morris's right to testify at trial.[1] (*Id.* at 39–48.)

- Ground 7: The state court erred by giving a "flight instruction" at trial over defense counsel's objection. (*Id.* at 53–57.)

- Ground 8: unexhausted to the extent it asserts the state court erred in adjudicating him as a habitual criminal when it used prior convictions that were stale, trivial, and remote and failed to make a finding that habitual criminal status was fair and just.[2] (*Id.* at 58–68.)

- Ground 9: The state court erred by giving an inaccurate and unconstitutional jury instruction on cheating at trial. (*Id.* at 69–72.)

- Ground 10(A)(1): trial counsel failed to object to a defective jury instruction on cheating. (*Id.* at 74.)

- Ground 10(B)(2): appellate counsel was ineffective for failing to challenge on appeal the evidence of prior bad acts of alleged past-posting bets at the Orleans Casino and Caesar's Palace. (*Id.* at 79.)

- Ground 10(B)(3): appellate counsel was ineffective for failing to challenge the admission of the slowed down videotapes on appeal. (*Id.*)

- Ground 10(B)(6) in part: unexhausted to the extent it asserts appellate counsel was ineffective for failing to challenge the habitual criminal adjudication on the grounds that (i) Morris's prior convictions were stale, remote and trivial, and (ii) the state court did not

---

[1] Part of Ground 6 was dismissed as duplicative of Ground 10(A)(2), to the extent it asserted that trial counsel interfered with Morris's right to testify at trial. (ECF No. 42 at 7, 12.)

[2] On reconsideration, the Court later clarified that Ground 8 is exhausted to the limited extent it claims Morris's habitual criminal adjudication was improper insofar as it was based on an overturned conviction out of Michigan. (ECF No. 48.)

   find such adjudication was "just and proper." (*Id.* at 80.)

- Ground 10(B)(7): appellate counsel was ineffective for failing to challenge the cheating instruction on appeal. (*Id.*)

The Court further noted that merits review of cumulative error would be limited to claims Morris "presented to, and therefore exhausted before, the Nevada Supreme Court." (ECF No. 42 at 10.) Morris was given multiple options on how to proceed, including the option to seek a stay and abeyance of his Amended Petition to return to state court to exhaust his claims. (*Id.* at 12.) He chose that option and the Court granted his request. (ECF No. 61.)

### E. Second State Petition

In May 2018, Morris filed a second state petition in the state court to exhaust his federal claims. (Ex. 148, ECF No. 62-21.) He argued he could demonstrate cause and prejudice under NRS 34.726(1) and overcome the procedural bars. (*Id.* at 10.) The state court found that Morris failed to establish good cause and denied the second state petition as time-barred and successive based on the State specifically pleading laches. (Ex. 158, ECF No. 77-4.) Morris appealed, raising Grounds 2–9, 10(A)(1), 10(B)(2), 10(B)(3), 10(B)(6) in part, 10(B)(7), and 11 of his Amended Petition.[3] (Ex. 162, ECF No. 77-8.) The Nevada Supreme Court affirmed the dismissal of his second state petition as untimely and successive and lacking good cause to overcome the procedural bars. (Ex. 166, ECF No. 77-12.)

### F. Reopened Federal Habeas Action

The following month, the Court reopened this case on Morris's request. (ECF Nos. 67, 69.) The Court instructed Respondents "to answer, or otherwise respond to," the Amended Petition. (ECF No. 69 at 1.) Respondents have now moved to dismiss substantive Grounds 2–9 of the Amended Petition as procedurally barred.[4]

---

[3] Morris raised Ground 10(B)(1) in his informal brief stating that it appeared unexhausted, although this Court did not address it in the December 2017 Order. (Ex. ECF No. 77-8 at 21.) Petitioner is correct that the order did not address Ground 10(B)(1). This was because Respondents' Motion to Dismiss (ECF No. 37) did argue that such claim was unexhausted.

[4] Respondents' Motion does not seek dismissal of any IAC claim as procedurally barred, although the Court previously found certain IAC claims unexhausted (ECF No. 42). Some of Morris's appellate IAC claims are relevant to his opposition. In addition to his unexhausted claims identified above, Morris's relevant *exhausted* appellate IAC claims are summarized as follows:

- Ground 10(B)(1): appellate counsel was ineffective for failing to challenge the sufficiency of the

4

## II. PROCEDURAL DEFAULT

### A. Governing Law

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim pursuant to an independent and adequate state procedural rule. *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000). Nevada's one-year statute of limitation for post-conviction petitions, NRS § 34.726, and prohibition on second or successive post-conviction petitions, NRS § 34.810, are independent and adequate state procedural rules. *E.g.*, *Williams v. Filson*, 908 F.3d 546 (9th Cir. 2018); *Ybarra v. McDaniel*, 656 F.3d 984, 990 (9th Cir. 2011).

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons"). To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). Ignorance or inadvertence does not constitute cause. *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986). To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Id.* at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

### B. The Parties' Positions

Respondents contend that the Nevada Supreme Court expressly invoked NRS 34.726 and NRS 34.810 to procedurally default Grounds 2, 3, 4, 5, 6, 7, 8, and 9; thus, barring federal review. (ECF No. 73.) Because the Nevada Supreme Court expressly relied upon independent and

---

evidence. (ECF No. 25 at 76–79.)

- Ground 10(B)(4): appellate counsel was ineffective for failing to challenge the deprivation of Morris's right to testify at trial. (*Id.* at 79.)
- Ground 10(B)(5): appellate counsel was ineffective for failing to challenge the flight instruction. (*Id.* at 79–80.)

adequate state procedural bars, this Court should dismiss Grounds 2–9.

Morris argues the Motion should be denied because he presented his claims to the Nevada courts in his second state petition and informal appellate brief, and the Nevada Supreme Court "denied the legal merits" of his claims. (ECF No. 75 at 5.) He maintains that his claims are now fully exhausted and ripe for federal review. Additionally, Morris argues there is cause and prejudice to excuse the default based on the ineffective assistance of appellate counsel, Howard Brooks. He contends that Brooks failed to raise the contested grounds on appeal and admitted as much during the evidentiary hearing on his first state petition. (*Id.* at 4–5.)

In their reply, Respondents point out that many of the appellate IAC claims Morris argues as cause to overcome the default of his substantive claims are themselves procedurally defaulted and are therefore precluded from establishing cause. (ECF No. 76.) Additionally, for the exhausted IAC claims, they assert that Morris fails to refute Brooks' strategic reasons for not raising those issues on appeal, and Morris has not shown a probability of success on appeal. Thus, Respondents maintain that Morris has not shown cause and prejudice, and Grounds 2–9 are procedurally barred.

The Court notes that the parties' arguments do not distinguish between the exhausted and unexhausted portions of Ground 8. The Nevada Supreme Court's ruling on Morris' second state petition could not procedurally bar any claim this Court previously found exhausted in Morris' earlier post-conviction proceedings. On its face, such an outcome runs counter to the purposes of a stay and abeyance of federal habeas proceedings. Here, the Court determined on reconsideration that part of Ground 8 is exhausted. (*See* ECF No. 48 at 2–3.) Thus, Ground 8 cannot be subject to dismissal in its entirety as procedurally barred, and the analysis in this order is limited to the unexhausted portion of Ground 8.

### C. Grounds 4, 5, 9, and 8 in part

In certain circumstances, counsel's ineffectiveness in failing properly to preserve a habeas claim for review in state court will suffice to show cause. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)). As relevant to Morris's argument, the ineffective assistance of appellate counsel in failing to raise a claim on direct appeal

in the state criminal proceedings may potentially establish cause and prejudice. *Cockett v. Ray*, 333 F.3d 938, 943–44 (9th Cir. 2003). "But to assert such an excuse in a federal habeas petition, a state prisoner must first exhaust in state court the claim that his appellate counsel was constitutionally inadequate." *Arrendondo v. Neven*, 763 F.3d 1122, 1140 (9th Cir. 2014) (citing *Cockett*, 333 F.3d at 943; *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988)).

Morris seeks to excuse the procedural default of his claims based on Brooks' alleged constitutional violations. However, as to substantive Grounds 4, 5, 9 and the unexhausted portion of Ground 8, he failed to present the corresponding appellate IAC claims—Grounds 10(B)(2), 10(B)(3), 10(B)(6) in part, and 10(B)(7)—to the state court in his initial post-conviction proceedings and those claims are themselves procedurally defaulted. Accordingly, Morris may not rely upon those appellate-level IAC claims to establish cause excusing the procedural default of Grounds 4, 5, 8 in part, and 9.

**D.     Grounds 2, 3, 6, and 7**

Federal courts review appellate IAC claims in accordance with the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *E.g.*, *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989). Under *Strickland*, a petitioner must (1) show that "his counsel was objectively unreasonable . . . in failing to find arguable issues on appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them," and (2) demonstrate prejudice—that is, "he must show a reasonable probability that, but for counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). When analyzing an IAC claim, a court may first consider either the question of deficient performance or the question of prejudice. *Strickland*, 466 U.S. at 697.

Courts must apply a strong presumption that counsel's challenged conduct may be considered sound strategic decisions. *Id.* at 689 (internal quotation omitted); *Cullen v. Pinholster*, 563 U.S. 170, 191 (2011). "The lawyer has discharged his constitutional responsibility so long as his decisions fall within the 'wide range of professionally competent assistance'." *Buck v. Davis*, --- U.S. ----, 137 S. Ct. 759, 775 (2017) (noting that *Strickland* "sets a high bar" for deficient performance) (quoting at *Strickland*, 466 U.S. 690).

1    Morris fails to demonstrate constitutional violations excusing the procedural default of
2    Grounds 2, 3, 6, and 7 through corresponding appellate IAC claims—Grounds 10(B)(1), 10(B)(4),
3    and 10(B)(5)—which he exhausted in his first state petition and post-conviction appeal. (Exs. 87,
4    94, 126, ECF Nos. 15-2, 15-24, 28-1.)

With regard to Grounds 2 and 3, Morris's claims of insufficient evidence supporting the convictions for fraudulent acts at two casinos, Brooks testified that his impression of the trial testimony was that "overwhelming evidence" supported the convictions. (Ex. 99, ECF No. 15-24 at 10–11; *see also* Ex. 97, ECF No. 15-22 at 4.) Brooks affirmatively chose not to make such a challenge because it would not have been productive. (*Id.*)

As to Ground 6, Morris's claim the state court interfered with his right to testify at trial, Brooks testified that the record did not support such a claim. (Ex. 99, ECF No. 15-24 at 14–18.) Following review of the record, Brooks surmised that the state court judge left the decision in Morris's hands, "if Mr. Morris wants to testify -- he can let the Court know he wants to testify." (*Id.* at 15.) Brooks therefore felt he had nothing to work with on that issue and declined to challenge it on appeal. (*Id.* at 17–18; *see also* Ex. 97, ECF No. 15-22 at 5.)

Regarding Ground 7, Morris's claim the state court erred by giving a flight instruction, Brooks testified to his "impression that the evidence was sufficient to support that instruction," and even if the evidence had not been sufficient, he may not have "raised that issue in light of the overwhelming evidence in this case." After "considering the evidence," he declined to raise the issue as "it was just going nowhere." (Ex. 99, ECF No. 15-24 at 18.)

Brooks' testimony demonstrates that Morris's appellate IAC claims—Grounds 10(B)(1), 10(B)(4), and 10(B)(5)—do not provide cause to excuse the default of Grounds 2, 3, 6, and 7. Brooks diligently evaluated the record and made objectively reasonable professional judgments that such claims would not be successful on appeal. His decisions clearly fall within the wide range of sound strategic decisions presumed under *Strickland*. Morris fails to refute counsel's strategic reasons for deciding against litigating these issues. Because Morris fails to demonstrate that Brooks' performed deficiently, the Court need not address *Strickland*'s prejudice prong. *See Strickland*, 466 U.S. at 697 (if a petitioner fails to satisfy one element of an IAC claim, the court

need not consider the other).

Finally, the Court is not persuaded by Morris's argument that Grounds 2–9 are now fully exhausted and ripe for federal review. (ECF No. 75 at 5.) As he acknowledges, Grounds 2–9 were not presented to the Nevada courts until his second round of post-conviction proceedings, and the Nevada Supreme Court affirmed the dismissal of the second state petition as time-barred and successive as well as the state court's finding that he failed to establish good cause to overcome the procedural bars. (Ex. 166, ECF No. 77-12.)

**IT IS THEREFORE ORDERED:**

1. Respondents' Amended Motion to Dismiss (ECF No. 73) is GRANTED IN PART AND DENIED IN PART as explained herein. The following claims of Petitioner Brent Morris's First Amended Petition for Writ of Habeas Corpus (ECF No. 25) are DISMISSED with prejudice as procedurally defaulted:

    a. Grounds 2, 3, 4, 5, 6, 7, and 9 in their entirety; and

    b. Ground 8 to the extent it asserts the state court erred by (i) using Morris's prior convictions that were stale, trivial, and remote in adjudicating him as a habitual criminal, and (ii) failing to make a finding that habitual criminal status was just and proper.

2. Respondents will have **60 days** to answer the surviving grounds of the Amended Petition:

    a. Ground 1 to the extent it asserts Morris's 2011 convictions are infirm because he was not properly on the "Black List" (*see* ECF No. 42 at 4–5);

    b. Ground 8 to the extent it asserts Morris's habitual criminal adjudication was improperly based on an invalid Michigan conviction (ECF No. 48 at 2–3);

    c. IAC Ground 10 and subclaims 10(A)(1), 10(A)(2), 10(B)(1), 10(B)(2), 10(B)(3), 10(B)(4), 10(B)(5), 10(B)(6), 10(B)(7), and 10(B)(8); and

    d. Ground 11 regarding cumulative error to the extent Morris's claims were "presented to, and therefore exhausted before, the Nevada Supreme Court." (ECF No. 42 at 10.)

9

3. In the answer, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

4. Petitioner will have 60 days following service of the answer to file and serve a reply brief.

DATED this 13th day of August, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE