UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRENT MORRIS, | Case No. 3:14-cv-00372-LRH-WGC |
| Petitioner, | |
| v. | **ORDER** |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Brent Morris' Motion for Enlargement of Time (ECF No. 91).

On February 1, 2021, the Court granted Respondents leave to file a second dismissal motion. (ECF No. 89.) Two days later, they filed the Second Motion to Dismiss (ECF No. 90) Morris's First Amended Petition (ECF No. 25).[1] A response was due by February 17, 2021, but none was received by that date.

When a party moves to extend a deadline before the original time expires and the stated reasons show good cause, the court may grant the extension. Fed. R. Civ. P. 6(b). After the deadline expires, the moving party must also show that "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); LR IA 6-1. Good cause primarily considers the diligence of the party seeking the extension. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," and includes "omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993). To determine when neglect is excusable, the court takes "account of all relevant circumstances

---

[1] In September 2020, Petitioner notified the Clerk of Court that he was released from custody of at Central Michigan Correctional Facility and his address changed to the Detroit Rescue Mission, 19211 Anglin Street, Detroit, Michigan, 48208. ECF No. 82. The certificate of service attached to the motion indicates that Respondents served a copy of the motion by mail to his address in Detroit, Michigan. *See* ECF No. 90.

surrounding the party's omission," *id.* at 395, and

> conduct[s] the equitable analysis specified in *Pioneer* by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."

*Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000); citing *Pioneer*, 507 U.S. at 395).

Morris filed the current motion on March 1, 2021, seeking an additional 45 days to oppose Respondents' second dismissal motion. He claims he received a copy of their motion a few days earlier, but an exhibit was not attached, and the exhibit is necessary to prepare a response. He further represents that he no longer has access to a law library since he is out of custody, but he is in the process of finding one. He argues he submits the motion in good faith. Following Morris's motion, Respondents filed a certificate of service stating that a copy of the second dismissal motion, including the missing exhibit, was mailed to him.

The Court is satisfied that Morris filed the motion in good faith. The court and the parties will benefit from receiving Morris's response to the second dismissal motion. Because the delay in this case thus far is minimal, it has not had a significant impact on the proceedings and there is no danger of prejudice to Respondents. Under these circumstances, the Court finds that Morris's neglect is excusable. However, he is cautioned that he must follow the same rules of procedure that govern other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that "*pro se* litigants are bound by the rules of procedure"); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). That includes deadlines set by the Local Rules of Practice.

Accordingly, IT IS HEREBY ORDERED that Petitioner Brent Morris' Motion for Enlargement of Time (ECF No. 91) is GRANTED. Morris has until April 9, 2021, to oppose the Second Motion to Dismiss (ECF No. 90).

DATED this 5th day of March, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE